**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AKANIMOH UMOH,**

                **Plaintiff,**                **1:09-cv-838**
                                                **(GLS\RFT)**

        **v.**

**PAUL MARKS; LAW OFFICE OF PAUL**
**MARKS;** and **CAPITAL REGION**
**AMBULATORY SURGERY CENTER,**

                **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Uwem Umoh | NKEREUWEM I. UMOH, ESQ. |
| 255 Livingston Street, 4th Floor | |
| Brooklyn, NY 11217 | |
| | |
| **FOR THE DEFENDANTS:** | |
| *Paul Marks and Law Office* | |
| *of Paul Marks* | |
| Hiscock, Barclay Law Firm | JOHN R. CASEY, ESQ. |
| 50 Beaver Street, 5th Floor | |
| Albany, NY 12207-2830 | |
| | |
| *Capital Region Ambulatory* | |
| *Surgery Center* | |
| Nixon, Peabody Law Firm | DANIEL J. HURTEAU, ESQ. |
| 677 Broadway, 10th Floor | LEAH R. THREATTE, ESQ. |
| Albany, NY 12207 | |

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Akanimoh Umoh commenced this action against defendants Paul Marks, Law Office of Paul Marks, and Capital Region Ambulatory Surgery Center (CRASC), alleging violations of the Fair Debt Collection Practices Act (FDCPA)[1] and New York General Business Law in connection with the collection of an alleged debt owed by Umoh. (Compl., Dkt. No. 1.) Pending are CRASC's motion to dismiss, and Umoh's motion to amend his complaint. (Dkt. Nos. 8, 14.) For the reasons that follow, CRASC's motion to dismiss is granted in part and denied in part, and Umoh's motion to amend is granted in part and denied in part.

### **II. Standard of Review**

Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir.

---

[1] 15 U.S.C. § 1692, *et seq.*

2

1987) (internal quotation marks and citation omitted).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Accordingly, where the plaintiff submits a proposed amended complaint, "the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted." *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). However, the court "should not deny leave to file a proposed amended complaint ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ...." *Id.* (internal quotation marks and citation omitted).

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).  Therefore, in reviewing a

3

motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Rather, the claim must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citation omitted). Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, but "does not impose a probability

4

requirement," *Twombly*, 550 U.S. at 556.

### III. Discussion

### A. The Fair Debt Collection Practices Act

### 1. Debt Collector Status

The FDCPA prohibits "debt collector[s]" from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15 U.S.C. § 1692a(6). The term "debt collector" also includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* Otherwise, "[a]s a general matter, creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); *see also* 15 U.S.C. § 1692a(4) (defining a creditor as one "who offers or extends credit creating a debt or to whom a debt is owed"). The rationale behind the FDCPA's targeting of debt collectors is that "[u]nlike creditors, who generally are restrained by the

5

desire to protect their good will when collecting past due accounts," independent debt collectors are not likely to have further contact with the consumer and consequently are not concerned with the risk that a negative reputation regarding their collection practices will threaten their access to future consumers. *Harrison v. NBD Inc.*, 968 F. Supp. 837, 841 (E.D.N.Y. 1997) (internal quotation marks and citation omitted); *see also Williams v. Citibank, N.A.*, 565 F. Supp.2d 523, 528 n.6 (S.D.N.Y. 2008).

Here, in his proposed amendments, Umoh alleges that CRASC "engage[s] in the business of providing medical facilities to doctors and collecting debts on their behalf." (Proposed Am. Compl. ¶ 10, Dkt. No. 14:2.) As to his claims against CRASC, Umoh alleges that in September 2005, he underwent surgery that was performed at CRASC's facility by a doctor who "was not employed by CRASC or affiliated with them in anyway." (*Id.* at ¶ 11.) He then contends that he was billed by CRASC for the surgery "even though those services were not performed by CRASC"; that any debt that may have existed "was owed to the doctor [who] performed his surgery only"; that he was "never billed for the use of the facility"; and that "the debt [CRASC] sought to collect was not their own debt." (*Id.* at ¶¶ 12, 21-23.) Umoh further contends that CRASC's sending

6

of numerous letters in 2007 regarding the alleged debt and its "failure to inform [him] that he was being billed by CRASC for medical services and not by his doctor was a material deception." (*Id.* at 13.) In addition, he claims that "CRASC sent communications to [him] using the name of a third party." (*Id.* at ¶ 19.)

While deeply skeptical—if not suspicious—of the allegations contained in Umoh's proposed amended complaint as it relates to CRASC's status as a debt collector—particularly in light of the allegations made in the original complaint and the continued incoherence and internal inconsistencies of Umoh's proposed amendments—the court must nonetheless deny CRASC's motion to dismiss on this basis. Umoh's proposed amendments in and of themselves adequately allege that CRASC is a debt collector as defined by 15 U.S.C. § 1692a(6). Therefore, the court is bound to allow Umoh to amend his complaint insofar as CRASC's status under the Act is concerned.

**2.   Statute of Limitations**

Claims brought under the FDCPA must be filed within one year from the date the alleged violation occurred. *See* 15 U.S.C. § 1692k(d); *see also Wright v. Zabarkes*, 347 Fed. Appx. 670, 671-72 (2d Cir. 2009)

7

(unpublished); *see, e.g.*, *Ehrich v. RJM Acquisitions LLC*, No. 09 Civ. 2696, 2009 WL 4545179, at *2 (E.D.N.Y. Dec. 4, 2009) (holding that the cause of action accrues, at the latest, on the date the consumer receives the violative debt collection communication); *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990, 1998 WL 437151, at *2-3 (S.D.N.Y. Aug. 3, 1998) (holding that where the consumer alleged that debt collector's filing of a lawsuit constituted an unconscionable debt collection practice, the cause of action accrued when debt collector filed the suit, and that subsequent proceedings in the suit did not amount to separate violations or a continuing violation).

    Because Umoh filed suit against CRASC, among others, on July 22, 2009, any causes of action that accrued before July 22, 2008, are time-barred. In his response papers, Umoh does not dispute this, and concedes that the violations he alleges to have occurred outside the one-year limitations period are no longer actionable. (*See* Pl. Resp. Mem. of Law at 4-5, Dkt. No. 14.) Accordingly, the court dismisses the claims alleged that occurred before July 22, 2008, including those relating to the "numerous letters" CRASC sent in 2007, the state action filed on April 4, 2007, and any proceedings related to or misrepresentations allegedly made during

8

the motion practice in that action.  (*See* Proposed Am. Compl. ¶¶ 14, 20, Dkt. No. 14:2.)  Consequently, to the extent that Umoh seeks to amend his complaint to include these allegations as bases for substantive claims, his motion is denied.  But, as Umoh correctly points out, the violations that allegedly occurred in August 2008 and June 2009 are, at least on their face, not time-barred.[2]  (*See* Proposed Am. Compl. ¶¶ 16, 25-26, Dkt. No. 14:2.)  And as to the allegations that are not accompanied with a specific time period, the court elects to permit their survival at this juncture.  The court, and presumably CRASC, can take solace in the fact that these questions, inaccuracies, and inconsistencies should be answered, clarified, or straightened out with minimal discovery.

### 3. Substantive Claims

As to the substantive claims levied against CRASC, Umoh generally alleges that CRASC violated § 1692e by using "false, deceptive and misleading representations," and § 1692f by using "unfair practices." (Proposed Am. Compl. ¶¶ 29-30, Dkt. No. 14:2.)  In addition, Umoh alleges

---

[2] The court shares CRASC's wariness with Umoh's imprecise use of the term "defendants" in his proposed amended complaint.  (*See, e.g.*, Proposed Am. Compl. ¶¶ 14-16, 20-26, 28-32, Dkt. No. 14:2.)  While the proposed pleading frequently borders on impermissible "group pleading," the court is unable at this point to conclude that such allegations should be dismissed—particularly since there are only three defendants named, which Umoh alleges were acting either together or interchangeably.

9

a specific violation of § 1692e's fourteenth subsection, which prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

To determine whether a debt collection practice is false, deceptive, misleading, or unfair, that practice must be viewed objectively from the perspective of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The basic purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* However, "in crafting a norm that protects the naive and the credulous ... courts have carefully preserved the concept of reasonableness" without extending FDCPA protection to "bizarre or idiosyncratic interpretations" of collection notices and other practices. *Id.* at 1319-20 (citation omitted). Thus, as the Second Circuit has explained, the least-sophisticated consumer standard functions to ensure the protection of all consumers, while also protecting debt collectors against liability for unreasonable interpretations of collection notices. *See id.*

While aware of the exhibits submitted by CRASC in support of its motion to dismiss—which, in the appropriate context, would raise serious

10

questions as to the faith with which this action has been filed—the court declines to consider them in the current context and must limit itself to the four corners of Umoh's proposed amended complaint.[3] And as we are in the preliminary throes of litigation, such that the parties have not yet engaged in any discovery, the court is unwilling to convert CRASC's motion to dismiss into one for summary judgment.[4]

The contents of Umoh's proposed amendments, which the court has discussed at length above, sufficiently allege conduct that if proven would constitute violations of 15 U.S.C. §§ 1692e, 1692e(14), and 1692f. Accordingly, at this stage, insofar as CRASC moves to dismiss the claims arising after July 22, 2008, that aspect of the motion is denied. Thus, the

---

[3]In ruling on a motion to dismiss, "the district court must limit itself to a consideration of the facts alleged on the face of the complaint and to any documents attached as exhibits or incorporated by reference." *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (citations omitted). Still, a document that is not incorporated by reference may nevertheless be considered "where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted). And even though the purpose of this restriction is to provide the plaintiff with notice of and an opportunity to respond to the documents being considered, *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough," *Chambers*, 282 F.3d at 153 (citation omitted).

[4]Where material outside the complaint is presented in support of a Rule 12(b)(6) motion, the court has two options: "the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under FED. R. CIV. P. 56 and afford all parties the opportunity to present supporting material." *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) (citations omitted); *see also* FED. R. CIV. P. 12(d).

11

court grants Umoh's motion to amend his complaint to the extent he is alleging violations of the FDCPA that satisfy the timeliness inquiry.

## B. New York General Business Law

### 1. Section 349

Under New York General Business Law, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York State] are ... unlawful." N.Y. GEN. BUS. LAW § 349. "[A]s a threshold matter, plaintiffs claiming the benefit of section 349 ... must charge conduct of the defendant that is consumer-oriented." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 25 (N.Y. 1995). While the plaintiff need not show "a repetition or pattern of deceptive behavior," he must "demonstrate that the acts or practices have a broader impact on consumers at large," and were not merely aimed at an individual private dispute. *Id.*

Here, Umoh has failed to allege any facts demonstrating that CRASC engaged in deceptive acts or practices that were consumer-oriented or had an impact on consumers at large. Rather, the conduct, as Umoh alleges, was aimed at the individual private dispute between him and the named defendants. Umoh's lone, bald assertion that CRASC "is engaged in the

12

business of providing medical facilities to doctors and collecting debts on their behalf," is not enough to salvage an otherwise barren claim. His arguments made in support thereof are equally insufficient. (*See* Pl. Resp. Mem. of Law at 5, Dkt. No. 14.)  Therefore, the court grants CRASC's motion to dismiss Umoh's § 349 claim as it is alleged in his proposed amended complaint.

## 2. Article 29-H and Section 601

A private cause of action is not available for violations of Article 29-H of New York General Business Law, N.Y. GEN. BUS. LAW §§ 600-603. *See Varela v. Investors Ins. Holding Corp.*, 81 N.Y.2d 958, 961 (N.Y. 1993); *see also Lane v. Marine Midland Bank, N.A.*, 112 Misc. 2d 200, 202 (N.Y. Sup. Ct. 1982) (discussing legislative intent behind Article 29-H and the absence of a private right of action). Accordingly, Umoh's claims brought under New York General Business Law Article 29-H, and § 601 specifically, are dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Griffin v. Key Bank of N.Y.*, No. 95-CV-202, 1996 WL 191975, at *6 n.7 (N.D.N.Y. Apr. 15, 1996) (dismissing § 601 claim because "Article 29-H ... did not create a private cause of action").

## IV. Conclusion

In light of CRASC and the court's shared concerns regarding the dubious nature of Umoh's allegations, the parties are advised that they are free to contact the Magistrate Judge and request an opportunity to engage in a limited and expedited period of discovery in order to address the issues discussed herein and to facilitate a prompt resolution of such issues on summary judgment. In addition, while the court presently denies as premature CRASC's request for attorneys' fees and costs, such a request may be entertained at the appropriate time.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that CRASC's motion to dismiss (Dkt. No. 8) is **GRANTED** insofar as Umoh's FDCPA claims that arose before July 22, 2008, and claims arising under New York General Business Law §§ 349 and 601 are **DISMISSED**; and it is further

**ORDERED** that CRASC's motion to dismiss (Dkt. No. 8) is **DENIED** as to Umoh's remaining timely FDCPA claims; and it is further

**ORDERED** that Umoh's motion to amend (Dkt. No. 14) is **GRANTED** as to the timely FDCPA claims he proposes, but is **DENIED** as to the New York General Business Law claims and untimely FDCPA claims against CRASC; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 25, 2010
Albany, New York

_____
United States District Court Judge